# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

MAURICE ANTWAYNE HELMES,

    Plaintiff,

vs.                              Case No. 4:15cv5-RH/CAS

DR. P. MARCEUS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case by filing a civil rights complaint, doc. 1, under 42 U.S.C. § 1983, and a motion seeking leave to proceed in forma pauperis, doc. 2. An Order was entered on January 28, 2015, granting Plaintiff leave to proceed in forma pauperis and directing payment of an assessed initial partial filing fee. Doc. 7. The deadline for receipt of payment has not yet passed, but considering Plaintiff recently filed a motion requesting an injunction be issued to protect Plaintiff's safety due to possible retaliation, doc. 5, this case has been reviewed. Generally, review of a complaint is not undertaken until the partial filing fee has been received. Thus, it was not apparent until now that this case should be transferred to the United States District Court, Middle District of Florida.

Plaintiff is housed at Columbia Correctional Institution where all named Defendants are employed. Docs. 1, 5. Plaintiff complains about the failure to provide him medical care at his current institution. Doc. 1 at 5-6. Because Columbia Correctional Institution is located in the Middle District of Florida, as are all of the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 24, 2015.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:15cv5-RH/CAS